IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| Selena Nelson | ) CIVIL ACTION NO.:9:18-CV-2962-DCN-BM |
|---|---|
| Plaintiff, | ) |
| -vs- | ) |
| | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| Beaufort County Sheriff's Office, Lieutenant Brian Baird, and Sheriff P.J. Tanner, individually and in their official capacity, | ) |
| Defendants. | ) |

The Defendants, Brian Baird, Beaufort County Sheriff's Office and P.J. Tanner, answering the Complaint of the Plaintiff would allege unto this Honorable Court as follows:

**FOR A FIRST DEFENSE**

1. That each and every allegation contained in the Plaintiff's Complaint not specifically admitted hereinafter is denied and strict proof demanded thereof.

2. The Defendants deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and demand strict proof thereof.

3. The Defendants admit only so much of Paragraph 2 of the Plaintiff's Complaint as alleges that this action is brought by Plaintiff, a black woman who was employed by the Defendants as a Sheriff's Deputy for over fourteen (14)

1

years. The Defendants deny any remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint, and demand strict proof thereof.

4. The Defendants deny the allegations contained in Paragraphs 3 and 4 of the Plaintiff's Complaint, and demand strict proof thereof.

5. The Defendants admit the allegations contained in Paragraphs 5, 6 and 7 of the Plaintiff's Complaint.

6. The Defendants deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint, and demand strict proof thereof.

7. The Defendants admit only so much of Paragraph 9 of the Plaintiff's Complaint as alleges the Defendant, Lieutenant Brian Baird, (Lt. Baird) is the officer in charge of the Professional Standards Division also referred to Internal Affairs. The Defendants deny any remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint, and demand strict proof thereof.

8. The Defendants admit the allegations contained in Paragraphs 10 through 14 of the Plaintiff's Complaint.

9. The Defendants admit only so much of Paragraph 15 of the Plaintiff's Complaint as alleges Selena Nelson (Ms. Nelson) is a black female. The Defendants lack sufficient information to form a belief as to the remaining allegations contained in Paragraph 15 of the Plaintiff's Complaint, and accordingly, deny each and every allegation, and demand strict proof thereof.

10. The Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 16 of the Plaintiff's Complaint, and accordingly, deny each and every allegation, and demand strict proof thereof.

11. The Defendants admit the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

12. The Defendants lack sufficient information to form a belief as to the allegations contained in Paragraphs 18 through 21 of the Plaintiff's Complaint, and accordingly, deny each and every allegation, and demand strict proof thereof.

13. The Defendants admit the allegations contained in Paragraphs 22 through 25.

14. The Defendants deny the allegations contained in Paragraphs 26 and 27 of the Plaintiff's Complaint, and demand strict proof thereof.

15. The Defendants admit only so much of Paragraph 28 of the Plaintiff's Complaint as alleges the Plaintiff was the subject of a citizen complaint arising out of an incident that occurred when she was off-duty but in uniform on July 31, 2017. The complaint, which was communicated electronically to the Sheriff's Department, alleged that Plaintiff had bullied a store clerk, Tyler Weaver, at the Oreck Store in Bluffton, SC. The Defendants deny any remaining allegations contained in Paragraph 28 of the Plaintiff's Complaint, and demand strict proof thereof.

16. The Defendants admit the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

17. The Defendants admit only so much of Paragraph 30 of the Plaintiff's Complaint as alleges that in response to the citizen complaint, the Plaintiff was interviewed. The Defendants deny any remaining allegations

contained in Paragraph 30 of the Plaintiff's Complaint, and demand strict proof thereof.

18. The Defendants deny the allegations contained in Paragraphs 31 through 33 of the Plaintiff's Complaint, and demand strict proof thereof.

19. The Defendants admit only so much of Paragraph 34 of the Plaintiff's Complaint as alleges the Plaintiff was ordered to take a polygraph examination, to be administered by Matthew Averil. The Defendants deny any remaining allegations contained in Paragraph 34 of the Plaintiff's Complaint, and demand strict proof thereof.

20. The Defendants deny the allegations contained in Paragraphs 35 through 37 of the Plaintiff's Complaint, and demand strict proof thereof.

21. The Defendants admit the allegations contained in Paragraphs 38 through 41 of the Plaintiff's Complaint.

22. The Defendants deny the allegations contained in Paragraph 42 of the Plaintiff's Complaint, and demand strict proof thereof.

23. The Defendants admit the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint, and demand strict proof thereof.

25. Paragraph 45 of the Plaintiff's Complaint states a conclusion of law and, accordingly, an answer in not required; to the extent an allegation of fact is made, these Defendants deny it.

26. The Defendants deny the allegations contained in Paragraphs 46 through 48 of the Plaintiff's Complaint, and demand strict proof thereof.

27. The Defendants admit the allegations contained in Paragraphs 49 through 51 of the Plaintiff's Complaint.

28. The Defendants admit only so much of Paragraph 52 of the Plaintiff's Complaint as alleges when Plaintiff was provided an opportunity, in December of 2017, to contest the suspension of her law enforcement certificate by virtue of her termination from Beaufort County, her case was presented before a hearing officer for the South Carolina Law Enforcement Training Division. The Defendants deny the remaining allegations contained in Paragraph 52 of the Plaintiff's Complaint, and demand strict proof thereof.

29. The Defendants deny the allegations contained in Paragraphs 53 through 55 of the Plaintiff's Complaint, and demand strict proof thereof.

30. The Defendants admit the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint, and demand strict proof thereof.

32. The Defendants admit only so much of Paragraph 58 of the Plaintiff's Complaint as alleges the *Island Packet* published an article. The Defendants deny the remaining allegations contained in Paragraph 58 of the Plaintiff's Complaint, and demand strict proof thereof.

33. The Defendants deny the allegations contained in Paragraph 59 of the Plaintiff's Complaint, and demand strict proof thereof.

34. The Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 60 of the Plaintiff's Complaint, and accordingly, deny each and every allegation, and demand strict proof thereof.

35. The Defendants deny the allegations contained in Paragraph 61 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION**
**(Title VII – Discrimination, Harassment, Hostile, Retaliation)**
**(Beaufort County Sheriff's Office)**

36. That in response to Paragraph 62 of the Plaintiff's Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

37. The Defendants deny the allegations contained in Paragraphs 63 through 66 of the Plaintiff's Complaint, and demand strict proof thereof.

38. The Defendants admit the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

39. The Defendants deny the allegations contained in Paragraphs 68 through 71 of the Plaintiff's Complaint, and demand strict proof thereof.

40. The Defendants admit the allegations contained in Paragraph 72 of the Plaintiff's Complaint.

41. The Defendants deny the allegations contained in Paragraph 73 of the Plaintiff's Complaint, and demand strict proof thereof.

42. Paragraph 74 of Plaintiff's Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny same.

43. The Defendants deny the allegations contained in Paragraphs 75 through 79 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION**
**(Violation of 42 U.S.C. §1981)**
**(All Defendants)**

44. That in response to Paragraph 80 of the Plaintiff's Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

45. Paragraphs 81 and 82 of the Plaintiff's Complaint states a conclusion of law and, accordingly, an answer in not required; to the extent an allegation of fact is made, these Defendants deny it.

46. The Defendants deny the allegations contained in Paragraphs 83 through 89 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO THE THIRD CAUSE OF ACTION**
**(Violation of 42 USCA §1983)**
**(Violation of Fourteenth Amendment Rights to Equal Protection and Due Process Under the Law)**
**(All Defendants)**

47. That in response to Paragraph 90 of the Plaintiff's Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

48. The Defendants deny the allegations contained in Paragraphs 91 through 96 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO THE FOURTH CAUSE OF ACTION**
**(Violation of Fourteenth Amendment Rights – Due Process)**
**(42 U.S.C. §1983)**
**(All Defendants)**

49. That in response to Paragraph 97 of the Plaintiff's Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

50. The Defendants deny the allegations contained in Paragraphs 98 and 99 of the Plaintiff's Complaint, and demand strict proof thereof.

51. The Defendants admit the allegations contained in Paragraph 100 of the Plaintiff's Complaint.

52. The Defendants deny the allegations contained in Paragraphs 101 through 104 of the Plaintiff's Complaint, and demand strict proof thereof.

53. The Defendants admit the allegations contained in Paragraph 105 of the Plaintiff's Complaint.

54. The Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 106 of the Plaintiff's Complaint, and accordingly, deny each and every allegation, and demand strict proof thereof.

55. The Defendants deny the allegations contained in Paragraphs 107 through 109 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO THE FIFTH CAUSE OF ACTION**
**(Defamation)**
**(All Defendants)**

56. The Defendants deny the allegations contained in Paragraph 110 of the Plaintiff's Complaint, and demand strict proof thereof.

57. The Defendants admit the allegations contained in Paragraph 111 of the Plaintiff's Complaint.

58. The Defendants deny the allegations contained in Paragraphs 112 through 115 of the Plaintiff's Complaint, and demand strict proof thereof.

**FOR A SECOND DEFENSE**

59. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

60. The Plaintiff has failed to state facts sufficient to constitute a cause of action as to the Plaintiff's Claims under Title VII and 42 U.S.C. 1981. Additionally, the Plaintiff has failed to state a claim against the Beaufort County Sheriff's Office for 42 U.S.C. §1983, as it is a state office and Sheriff Tanner and Lt. Baird, in their official capacity, as they are state officers.

**FOR A THIRD DEFENSE**

61. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

62. These Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them and acted, at all times, in good faith and, therefore, these individual Defendants are entitled to qualified immunity.

**FOR A FOURTH DEFENSE**

63. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

64. As a full and complete defense to all of the Plaintiff's causes of action, these Defendants do hereby plead as an affirmative defense the *doctrine of absolute privilege* and the *doctrine of qualified privilege.* Any statements complained of by the Plaintiff were made in good faith, believed to be true, and were only disclosed to necessary parties to further the law enforcement function, or as otherwise required by law.

## FOR A FIFTH DEFENSE

65. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

66. These Defendants are immune from suit and/or protected from liability pursuant to the South Carolina Tort Claims Act. These Defendants do affirmatively plead the South Carolina Tort Claims Act, as well as its rights privileges, limitations and immunities as a full and complete defense to all causes of action asserted by the Plaintiff.

WHEREFORE, the Defendant prays this Honorable Court inquire into the matters set forth herein, and enter its Order dismissing this matter, with an award of attorneys fees and costs to the Defendant.

**{Signature Page Follows}**

HOWELL, GIBSON & HUGHES, P.A.


By: *s/Mary Bass Lohr*
Mary Bass Lohr
Post Office Box 40
Beaufort, SC  29901-0040
(843) 522-2400
Attorney for Defendants
Federal Bar No.: 7804

Beaufort, South Carolina

December 4, 2018