# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Selena Nelson, | ) | C/A No.: 9:18-cv-2962 DCN BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Beaufort County Sheriff's Office, | ) | |
| Lieutenant Brian Baird, and Sheriff P.J. | ) | |
| Tanner, individually and in their official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that defendants' motion to dismiss plaintiff's second cause of action under § 1981 be denied, that defendant's motion to dismiss plaintiff's third and fourth causes of action under § 1983 against individual defendants Lieutenant Brian Baird and Sheriff P.J. Tanner in their official capacities be denied as to any injunctive relief being sought and granted as to any damages being sought, and that defendant Beaufort County Sheriff's Department be dismissed without prejudice from plaintiff's fifth cause of action under the SCTCA for defamation. It was further recommended that defendant Beaufort County Sheriff's Office be dismissed from plaintiff's third and fourth causes of action asserting claims under § 1983.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas

v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1]  **No objections have been filed to the magistrate judge's report and recommendation**.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, defendants' motion to dismiss plaintiff's second cause of action under § 1981 is **DENIED**, defendants' motion to dismiss plaintiff's third and fourth causes of action under § 1983 against individual defendants Baird and Tanner in their official capacities is **DENIED** as to any injunctive relief being sought and **GRANTED** as to any damages being sought, and defendant Beaufort County Sheriff's Department is **DISMISSED** without prejudice from plaintiff's fifth cause of action under the SCTCA for defamation.

**IT IS FURTHER ORDERED** that defendant Beaufort County Sheriff's Office is **DISMISSED** from plaintiff's third and fourth causes of action asserting claims under § 1983.

**AND IT IS SO ORDERED**.

March 6, 2019
Charleston, South Carolina

David C. Norton
United States District Judge

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.