# BEAUFORT COUNTY SHERIFF'S OFFICE DISCIPLINARY ACTION

**Employee Name:** James Prusinowski  **Rank:** Cpl.  **Employee #** 5752  **Warning Date:** 5/2/2012
**Violation:** Personal Conduct-Unbecoming  **Location:** 1705 Seaside Rd. St. Helena, SC. 29920
**Violation of BCSO Policy #(s):** General Order 113A12 section 8(d)

**Type Violation:** ( ) Insubordination  ( ) Conduct  ( ) Substandard Work  (X) Policy/Procedure Violation  ( ) Attitude
( ) Other:

| Previous Violation: | Date of Violation: | Oral | Written | Issued By: |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**Supervisor Comments:** After reviewing OPR # 12-0002 I recommend that Cpl. Prusinowski be placed on a probationary status for a period not to exceed 12 months.

**Signature:** Msgt. R. Arbelo  **Date:** 5/2/2012

**Branch Commander Remarks:** I agree with Msgt. Arbelo's recommendation. I would further recommend that Cpl. Prusinowski attend mandatory counseling for the marital issues outlined in this investigation.

**Signature:** Allen Horton  **Date:** 5/2/2012

**Division Commander Remarks:** Remarks of the Branch Captain are appropriate and I concur with his recommendations.

**Signature:** Major M. Morrison  **Date:** 5/2/2012

**Deputy Chief of Staff Remarks:** In addition to counseling, I recommend a reduction in rank to PFC. A corporal is expected to be a veteran officer, trustworthy and capable of guiding/leading younger troops. Prusinowski's blatant attempt to mislead his supervisor violates this.

**Signature:** Baxley  **Date:** 5.3.12

**Chief of Staff Remarks:** I concur with the above recommendations of MSgt. Arbelo and Capt. Horton.

**Signature:** D.A. Brown  **Date:** 5/3/2012

**Chief Deputy Remarks:** The remarks and recommendations of M/Sgt. Arbelo and Captain Horton are appropriate and consistent with the culpability of Corporal Prusinowski and are to be followed as written.

**Signature:** Michael M. Hatfield  **Date:** 5/3/12

**Action To Be Taken:** ( ) Verbal Reprimand (X) Written Reprimand ( ) Suspension ( ) Termination (X) Other as stated above.
**Amount of Suspension / Probation:** 6 months
**Suspension / Probation Date(s):** 5/3/12 to 11/3/12

**Employee's Comments:** N/A

I have read this recommendation for Disciplinary Action and understand it.
**Employee Signature:** [signature]  **Date:** 05-3-

**Sheriff's Recommendation:** (✓) Approval  ( ) Disapproval
**Sheriff's Comments:**

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County.

Michael M. Hatfield
Chief Deputy, Beaufort County Sheriff's Office



P. J. Tanner
Sheriff

**OFFICE OF SHERIFF**
**BEAUFORT COUNTY**
POST OFFICE BOX 1758
BEAUFORT, SOUTH CAROLINA 29901

```
AREA CODE (843)
SHERIFF              255-3200
CHIEF DEPUTY         255-3192
CRIMINAL RECORDS     255-3232
CRIMINAL WARRANTS    255-3228
CIVIL RECORDS        255-3188
JUDGMENTS            255-3189
FAX #                255-9405
WEB SITE             www.bcso.net
```

June 14, 2018

To:    James Prusinowski

From:  Major James Bukoffsky

Subj:  Administrative Leave

1. This is to notify you that as of the above date, I am placing you on administrative leave (relief) with pay pending the outcome of an administrative investigation.

2. This order shall remain in effect until such time the Sheriff authorizes your return to full duty.

Professionally,

James Bukoffsky, Major
Enforcement Division


I have received and understand this order.

_____        Date: 6-14-18
James Prusinowski



*Beaufort County Sheriff's Office..."L*

Certified to be a true and correct
copy of the original document on file with
the Office of Sheriff for Beaufort County.

Michael M. Hatfield
Chief Deputy, Beaufort County Sheriff's Office

**OFFICE OF SHERIFF**
**BEAUFORT COUNTY**
POST OFFICE BOX 1758
BEAUFORT, SOUTH CAROLINA 29901

P. J. Tanner
Sheriff

AREA CODE (843)
SHERIFF 255-3200
CHIEF DEPUTY 255-3192
CRIMINAL RECORDS 255-3232
CRIMINAL WARRANTS 255-3228
CIVIL RECORDS 255-3188
JUDGMENTS 255-3189
FAX # 255-9405
WEB SITE www.bcso.net

June 25, 2018

To:     Chief Deputy Michael M. Hatfield

From:   Captain Matthew E. Averill; O.P.R. Investigator

**Subj:   O.P.R. #18003:  General Order 113(A)(1)(3) Code of Conduct**

Exhibits:

1. Administrative Leave with Pay Letter
2. DVD with 911 recording reference incident report #18BP23513
3. Bluffton Police Department Incident Report #18BP23513
4. Office of Professional Responsibility Warning Form
5. Written statement of Sgt. James Prusinowski
6. CD of recorded interview with Sgt. James Prusinowski
7. L3 In-Car camera video from SSgt. Dan Martin
8. Email/Warrant Dismissal from Assistant Solicitor Hunter Swanson
9. Investigative Polygraph Report
10. DVD w/Bluffton PD in-car and body camera videos

1. On June 14, 2018 I was verbally assigned O.P.R. #18003 by Chief Deputy Michael M. Hatfield. This administrative investigation was initiated after Sergeant (Sgt) James Pruzinowski was arrested for Domestic Violence 2nd Degree by the Bluffton Police Department on the evening of June 13, 2018. The Bluffton Police Department Incident Report # referenced is 18BP23513.

2. On June 14, 2018 Sgt. Prusinowski was placed on Administrative Leave with Pay by Major James Bukoffsky pending the completion of this Administrative Investigation. **(Exhibit #1)**

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County

Michael M. Hatfield

3. I received a copy of Bluffton Police incident report number 18BP23513. I reviewed the incident report and was made aware by the report that no body camera or in-car videos were able to be down loaded due to an issue with L3. The original report was completed by Bluffton Police Officer B. Grant and included supplements from Mater Patrol Officer Odom, Officer T. Rocke and Sgt. B. Lee. Additionally, the report lists Officer Serena Nelson as being on scene and transporting Mrs. Thy Prusinowski to the detention center. However, though Officer Nelson had various contacts with Thy Prusinowski, any information attributed to her was entered into the report by other Bluffton Officers on scene through their supplemental reports. **(Exhibit #2 and #3)**

4. June 15, 2018 I contacted Bluffton Police Captain Joe Babkiewcz at which time I was informed the L3 server was "down" and a work order had been placed with L3 for repair. Captain Babkiewcz advised when the server is fixed, he would make copies of all in-car and body cam videos for my investigation.

5. On June 18, 2018 Captain Babkiewcz advised representatives from L3 Mobile-Vision were on location and attempting to repair the server. He stated he would advise when repairs are completed.

6. On June 18, 2018 I met with Sgt. James Prusinowski at the Beaufort Law Enforcement Center and conducted an Office of Professional Responsibility interview. I advised Sgt. Prusinowski the interview would be recorded. I reviewed the O.P.R. Warning Form with Sgt. Prusinowski which he signed and stated he understood. Sgt. Prusinowski stated on the evening of the incident, he returned home from the gym and upon entering his residence he found the front door opened and located a new set of fingernail clippers that had been broken. He questioned his wife, Thy (pronounced..."Tee") about the open door and clippers. He states Thy told him it was cold in the house so she opened the door and she started yelling at him about the fingernail clippers. He states she told him to go buy a new pair and he yelled at her he had just bought the broken ones. According to Prusinowski, from about four feet away, his wife picked up a heavy plastic kids table and threw it at him striking him in the leg. Prusinoswki states he lifted his leg to deflect the table and in the process, it bounced off his leg and as it broke into pieces, part of the table struck his wife in the foot. Prusinowski went on to state as he retreated from the room shielding his children who were standing approximately

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County.

Michael M. Hatfield

two feet from him as his wife began striking him repeatedly in the arm with a broken leg of the table, eventually losing her grip on the table leg she grabbed a tote bag with a chain strap and began striking him with that. Prusinowski thinks that is where was injured below his right eye as the chain was striking him. Prusinowski states his wife's mother attempted to stop Thy by getting in between them and pushing his wife back. While Prusinowski's mother in law attempted to stop her, Thy continued to swing the chain over her to hit Prusinowski. According to Prusinowski, his mother in law was eventually able to pull Thy back and they both sat down on the couch. Prusinowski states he went to the kitchen to grab his cell phone and observed his wife on the phone calling "911". He states he went outside and called his brother, Sgt. Jason Prusinowski, (also with BCSO) and told him what had occurred and requested he call the "on-duty" supervisor Staff Sergeant (SSgt) Martin and advise him of the situation. According to Prusinowski, the first Bluffton Officer to arrive on scene was an unknown Sergeant who asked him what had occurred. Prusinowski told him his wife had called and she was inside the residence. Prusinowski stated that Officer Odom, who he knows, arrived with another unknown officer. According to Prusinowski, a K-9 Officer he knows by sight arrived and Prusinowski told him what had occurred in addition to showing him the injuries to his arm and leg. He states the Sergeant asked him where is ID was and Prusinowski told him where it was in the residence with his credential and his badge. He states he was then arrested by Bluffton Police and placed in the back of a patrol vehicle, where he was allowed to speak with SSgt. Martin (BCSO). He states he told SSgt. Martin what had occurred. According to Prusinowski, once he was transported to Bluffton PD Headquarters, he was placed in the same vehicle as his wife in the back of Officer Serena Nelson's vehicle then transported to the detention center. He states he did not see Officer Nelson at his residence; however, assumed she was there because she had his wife in her vehicle. **(Exhibit #4, #5, #6 and #7)**

7. I advised Sgt. Prusinowski that I was scheduling him for a polygraph examination on June 20, 2018 at 0900 hours to verify his statement.

8. On June 19, 2018 at approximately 1630 hours, I was contacted by Sgt. Prusinowski who advised he had received a telephone call from an unknown female Assistant Solicitor who advised him charges against him were being dismissed.

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County

Michael M. Hatfield

9. I immediately contacted Assistant Solicitor Hunter Swanson who confirmed the charges against both Sgt. Prusinowski and his wife were being dismissed and that an order stating so was being clocked into the Clerk of Courts Office. When I asked the reason for the dismissal, Asst. Solicitor Swanson stated the Solicitor's Office was "...unable to determine who the primary aggressor was." I then requested a copy of the dismissal which Swanson promptly emailed to me. **(Exhibit #8)**

10. On June 20, 2018 Sgt. Prusinowski came to the Law Enforcement Center and was polygraphed by Lieutenant (Lt) Brian Baird with regards to the events surrounding his arrest for Domestic Violence. I was advised by Lt. Baird that results of Sgt. Prusinowski's polygraph were "No Deception Indicated". I conducted a "Quality Control" check of the polygraph charts produced by Sgt. Prusinowski and came to the same conclusion as Lt. Baird. **(Exhibit #9)**

11. I was contacted by Captain Babkiewcz and advised the In-Car video and three (3) body cam videos were copied to a DVD and he would have them delivered to me at the Law Enforcement Center by 1700 hours.

12. On June 21, 2018 I received the DVD from Bluffton PD and began my review of the videos. There are four videos in total. Officer Odom has two body cam videos the first of which lasts approximately 20 minutes; the second appears to be corrupted. The third video is a body cam video belonging to Officer T. Locke which lasts approximately 40 minutes. The fourth video is an in-car video belonging to Sgt. B. Lee. I was able to deduce that upon the arrival of Bluffton PD, Sgt. Prusinowski was standing outside the residence and his demeanor was calm and unexcited. He explained what had transpired between he and his wife and it should be noted that what he described to Bluffton officers is the same as he explained to me during the OPR interview. Sgt. Prusinowski's wife, Thy, was extremely agitated and appeared to revert to her native Vietnamese language. Charlotte, the Prusinowski's daughter, stated she observed her mother throw a table at her father and saw nothing else. Bluffton officers who were on scene determined in their written reports that Mrs. Prusinowski was the primary aggressor. On body camera recordings, unknown Bluffton officers can be heard stating "...if he could have let it go only she'd would be going to jail." **(Exhibit #10)**

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County.

Michael M. Hatfield

**Conclusions:**

Upon reviewing Bluffton Police report #18BP23513, body cam recordings, the in-car video, this investigator completed a review of South Carolina Code of Laws, Title 16, Chapter 25 "Domestic Violence" 16-25-70 (D): *"If a law enforcement officer receives conflicting complaints of domestic or family violence from two or more household members involving an incident of domestic or family violence, the officer must evaluate each complaint separately to determine who was the primary aggressor. If the officer determines that one person was the primary aggressor, the officer must not arrest the other person accused of having committed domestic or family violence. In determining whether a person is the primary aggressor, the officer must consider the following factors and any other factors he considers relevant: (4) whether one of the persons acted in self-defense."*

*(F) "A law enforcement officer who arrests two or more persons for a crime involving domestic or family violence must include the grounds for arresting both parties in the written report, and must include a statement in the report that the officer attempted to determine which party was the primary aggressor pursuant to this section and was unable to make a determination based upon the evidence available at the time of the arrest."*

In both the written incident report and the video evidence, it is clear the responding Bluffton officers determined Mrs. Prusinowski was the primary aggressor and the Sgt. Prusinowski had acted in self-defense. They had both the discretion and the latitude to arrest one or both parties; however, with Sgt. Prusinowski acting in self-defense only Mrs. Prusinowski should have been arrested acting as the primary aggressor per the Domestic Violence statute.

Based on the investigation, interview, documents, video evidence and the subsequent results of the polygraph examination, I have determined there were some inconsistencies in the application of the elements of the charge as it relates to the actions of our officer. Accordingly, there were some questionable applications of discretionary enforcement applied in this domestic situation, wherein the primary aggressor is clearly our employee's wife who initiated the physical

Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County

Michael M. Hatfield

Chief Deputy Beaufort County Sheriff's Office

contact. Therefore, our employee should only be indicated in the matter because of his self-defense participation.

To that end, I have determined Sgt. Prusinowski did not violate any Beaufort County Sheriff's Office Policies and Procedures. Accordingly, this investigator recommends this administrative investigation should be closed as "Unfounded".

Matthew E. Averill
Captain     O.P.R.



Certified to be a true and correct copy of the original document on file with the Office of Sheriff for Beaufort County.

Michael M. Hatfield

Beaufort County Sheriff's Office..."

Routine Separation

Submission Date          04-02-2019 14:53:47

WL 4/4/2019

# ROUTINE SEPARATION

## PERSONNEL CHANGE IN STATUS REPORT: NOTIFICATION OF ADMINISTRATIVE/ROUTINE SEPARATION

| | |
|---|---|
| Reporting Department | Beaufort Co. Sheriff's Office |
| Agency Email | wangelo@bcgov.net |
| Phone # | (843) 255-3200 |
| Today's Date | 04-02-2019 |
| Officer's Name | James Thomas Prusinowski |
| Academy ID | 3850-7340 |
| Address | Bluffton SC 29910 |
| Certification Type | Class 1 LE |

**RECEIVED**
APR 0 3 2019
SCCJA CERTIFICATION

(For all separations NOT involving misconduct as defined in S.C. Reg. 37-025)

PLEASE SUBMIT MRN (MANDATORY RETRAINING NOTIFICATION) FORM INDICATING IN-SERVICE TRAINING RECEIVED SINCE LAST RENEWAL

| | |
|---|---|
| Date of Separation | 04-01-2019 |
| Separation Action | Resignation |
| Please select appropriate reason(s) for Separation | Resigned |
| Other reason for separation (please explain) | |

DO NOT ATTACH, OR SUBMIT, ANY ADDITIONAL DOCUMENTS, OTHER THAN MANDATORY RETRAINING NOTIFICATION.

I hereby attest that the reason for separation of this officer does NOT involve misconduct or otherwise disqualify eligibility for certification as defined in S.C. Reg. 37-025