IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Selena Nelson ) | CIVIL ACTION NO.:9:18-CV-2962-DCN-MHC |
| Plaintiff, ) | |
| -vs- ) | **DEFENDANTS REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT** |
| Beaufort County Sheriff's Office, Lieutenant Brian Baird, and Sheriff P.J. Tanner, individually and in their official capacity, ) | |
| Defendants. ) | |

Defendants, Beaufort County Sheriff's Office (herein after BCSO), Lieutenant Brian Baird, and Sheriff P.J. Tanner, individually and in their official capacity, submit this Reply to the Plaintiff's Memorandum in Opposition to these Defendants Motion for Summary Judgment (ECF 66). While the Defendants stand on the grounds set forth in their original memorandum in Support of Summary Judgment, they believe a few issues raised by the Plaintiff in her response require specific clarification.

First, in the Plaintiff's memorandum the Plaintiff, Nelson asserts her termination was disproportionate punishment based on a racially biased complaint and investigation creating a discriminatory animus. However, she willfully ignores the fact that her termination was completely consistent with every other officer whose conduct was investigated in an internal affairs investigation

and was given a polygraph examination resulting in a finding of deception indicated.

The Sheriff's policy was to terminate anyone found to be lying during an Internal Affairs (IA) investigation.  This was consistently the testimony of all BCSO officers deposed in this matter.  According to the affidavit of Michael Hatfield attached as an exhibit hereto, since 2011, there have been 219 IA investigations performed on BCSO employees resulting in twenty-nine separations -- meaning the employee was terminated as a result of the investigation or the employee resigned before they could be terminated, or before the investigation could be completed.  Also of those 219 investigations, twenty-one included officer polygraphs.   Of the twenty-one employees given polygraphs, eight employees were given polygraphs with the result of the polygraph being "deception detected."  All eight officers who admitted to lying or were found by the polygraph as deception detected were terminated, including Nelson. Those eight include three white males, two white females, one Hispanic male, one black male, and Nelson, a black female.

The misconduct Nelson claims supports her claim of disproportionate punishment – acting inappropriately in uniform, yelling and using curse words—is not the reason she was terminated.  It is simply the reason she was involved in an IA investigation.   She was terminated because deception was indicated on her polygraph, just as the other seven employees that had polygraphs with deception indicated polygraph results were terminated.

In her response to the motion for summary judgment, Nelson correctly points out a *prima facie* case of discrimination can be established if the plaintiff shows that she "engaged in prohibited conduct similar to that of people of another race…and…that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." *Moore v. City of Charlotte,* 754 F.2d 1100, 1105-06 (4th Cir. 1985).  In her argument, however, Nelson completely ignores those individuals, white, Hispanic and black, male and female, who were terminated for the same offense (lying in an IA investigation) and attempts to re-direct the court's attention to officers disciplined for completely dissimilar offenses, including having sex on duty, discharging a taser at home, driving under the influence, failing to report a missing or stolen fire arm and excessive force.  Importantly, Nelson can point to no other employee who was given a polygraph and deception was indicated who was not terminated as a result.

Nelson attempts to convince this court that the BCSO polygraphist used a scoring error to "pass" a white male officer thereby showing discriminatory conduct.  However, Nelson fails to mention to the court that the scoring error would not have resulted in a deception indicated finding, but rather in an inconclusive finding. Again, Nelson is unable to show a single instance where an officer did or should have received a result on a polygraph of deception indicated and was not terminated.  Thus, she cannot establish a prima facie case of discrimination under Section 1981 or Title VII.

Additionally, Nelson in her brief contends that she was defamed by the defendants but never presented any evidence that any information was published was not truthful. Importantly, Nelson admits in her post-polygraph interview that she did raise her voice at the Oreck Store and did use the word "ass." This is in complete contravention to the information contained her written statement to Baird which was the subject of the deceptive comment in the polygraph examination. There is no question but that Nelson was deceptive in her statement. Also, significantly, the Plaintiff's own experts do not find that her examination was wrongfully scored, but take issue with the question formation. There is no evidence in this case that the complaint was not made to the Sheriff's office by the owner of the Oreck store, that the information in Baird's report was not in fact the information provided to him, that the Plaintiff did not fail the polygraph and which resulted in her termination. All the information that the Plaintiff complains of was true.

Moreover, there is no evidence that this information was published by any defendant outside of the qualified privilege or as otherwise required by law pursuant to the Freedom of Information Act. The Plaintiff contends there was a leak at BCSO to the newspaper, but can point to no specific person who may have been responsible. This is a mere allegation with no evidentiary support, and certainly could not be supported against the Sheriff or Baird individually. The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations in his pleading but must set forth specific facts that

show there is a genuine issue for trial. *Rivanna Trawlers Unltd. v. Thompson Trawlers*, 840 F.2d 236, 240 (4th Cir.1988).

Nelson also asserts that Sheriff Tanner continued to defame her to Bluffton Police Department, her then employer resulting in her termination.  The Plaintiff points to no untruthful statement made to Bluffton by anyone at BCSO and asserts only that individuals had conversations that the Sheriff was not happy with Bluffton's hiring of Nelson and that Bluffton was encouraged to review her BCSO file.  In fact, the Bluffton Police Records indicate that Nelson was terminated for a pattern of unprofessional behavior at Bluffton and for lying to the Chief of Police regarding outside employment.  Nelson further contends that she has been unable to obtain a job in law enforcement because of the defamatory conduct of the Sheriff.  However, the Plaintiff following her termination from Bluffton applied for and is currently collecting police officer retirement disability from PEBA (Public Employment Benefit Authority) after having claimed she is completely physically and permanently incapable of performing the duties of a police officer. (See PEBA records.)

Lastly, because of Nelson's purported permanent disability as represented to PEBA set forth above, the Plaintiff's assertion that she is entitled to injunctive relief should fail.  Having represented on a disability insurance application that she is utterly incapable of taking care of her daily needs, and certainly incapable of returning to work as a police officer, this court should not allow the Plaintiff to claim she is entitled to injunctive relief of returning her to her previous

employment at the BCSO. The Plaintiff has made representations that she is no longer physically able to perform her job duties.

Based on the foregoing, along with those arguments previously submitted to the Court, it is respectfully submitted that the Defendants are entitled to summary judgment in this matter.

                                        HOWELL, GIBSON & HUGHES, P.A.

                                        By: *s/Mary Bass Lohr*
                                        Mary Bass Lohr
                                        PO Box 40
                                        Beaufort, SC  29901-0040
                                        (843) 522-2400
                                        Attorney for Defendants

Beaufort, South Carolina

May 27, 2021